## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## Civil Action No. 5:07-cv-00104

| | |
|---|---|
| LOWE'S COMPANIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VARNELL, STRUCK AND ASSOCIATES, INC., <br> DAVID STRUCK, and <br> JOHN VARNELL, <br><br> Defendants. | **COMPLAINT** <br> **WITH JURY DEMAND** |

Lowe's Companies, Inc. ("Lowe's"), for its complaint against Varnell, Struck and Associates, Inc. and subsidiaries, predecessors, and successors ("VSA"); David Struck individually ("Struck"); and John Varnell individually ("Varnell") (collectively, "defendants"), alleges as follows:

### PARTIES

1.     Lowe's Companies, Inc. is a home-improvement retailer.  Lowe's is incorporated under the laws of North Carolina and has a principal place of business in Mooresville, North Carolina.

2.     Varnell, Struck and Associates, Inc. is a provider of vendor services to retailers.  VSA is incorporated under the laws of Georgia, and has a principal place of business in Atlanta, Georgia.

3.      David Struck is a resident of Georgia who has been a co-owner of VSA throughout its existence.

4.      John Varnell is a resident of Georgia who has been a co-owner of VSA throughout its existence.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Under 28 U.S.C. § 1332(c)(1), all defendants are citizens of Georgia only, and plaintiff is a citizen of North Carolina only.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This is a contract dispute, and the contracts at issue were made in North Carolina.  Section 10.3 of each of the contracts provides that exclusive jurisdiction and venue for any action relating to them shall be federal court in or a state court of North Carolina and that the parties submit themselves to such jurisdiction and venue.

## NATURE OF THE DISPUTE

7.      This case arises out of the defendants' breaches of a series of contracts between VSA and Lowe's.

8.      Under the contracts and the addenda thereto ("Contracts"), VSA was required, from December 2002 to September 2005, to provide vendor services in retail stores owned and operated by Lowe's subsidiaries with respect to a variety of retail products, including lighting products and building materials.  These services included replenishing inventory, maintaining retail displays, providing point-of-sale marketing materials, returning defective products to manufacturers, and other related services.

9. The Contracts require VSA, among other things, (i) to comply with all applicable federal and state labor laws; (ii) to maintain adequate comprehensive liability insurance to cover, among other things, damages for breaches of the Contracts; and (iii) to defend and indemnify Lowe's against any liability, claims, losses, costs or damages arising from acts or omissions committed by VSA.

10. In 2004, VSA was sued in California by a group of VSA employees alleging wage-payment practices in violation of labor laws, styled *Dudash et al. v. Varnell, Struck and Associates, Inc.,* C.D.CA. No. C04-10067 ("*Dudash*"). These VSA employees were used by VSA to fulfill its obligations to Lowe's under the Contracts. Lowe's specifically contracted with VSA that VSA would obey the laws that it is alleged to have violated in the *Dudash* case, and any finding of such a violation in *Dudash* would conclusively show that VSA breached the Contracts.

11. On information and belief, the defendants led the *Dudash* plaintiffs to believe that the defendants lacked sufficient funds to pay any significant judgment against them. On information and belief, the defendants did this as part of a scheme designed to induce, encourage, or help the *Dudash* plaintiffs to turn their sights to Lowe's as a new defendant and as the perceived "deep pocket" to provide them damages for VSA's alleged violation of labor laws.

12. On May 12, 2006, the *Dudash* plaintiffs filed a motion to amend their complaint to add Lowe's as a defendant and to add also Struck and Varnell as individual defendants. Thereafter, *Dudash* plaintiffs' counsel conducted an investigation of VSA's financial records which purportedly confirmed that VSA would be unable to pay the amount of damages allegedly owed to the *Dudash* class. Accordingly, on June 27, 2006,

3

the defendants entered into a settlement agreement with the *Dudash* plaintiffs in which VSA, Varnell, and Struck obtained a complete release from liability in exchange for money and their agreement to cooperate with the *Dudash* plaintiffs' efforts to sue Lowe's for damages resulting from the actions of VSA. Subsequently, with the acquiescence of the defendants, the *Dudash* plaintiffs' motion to amend their complaint was granted, and Lowe's was added as a defendant.

13.     In breach of its contractual obligations, VSA has refused to defend or indemnify Lowe's against the allegations raised in the amended *Dudash* complaint and instead has taken affirmative actions to shift its own litigation risk in *Dudash* onto Lowe's. In further breach of the Contracts, VSA has failed to maintain sufficient liability insurance to cover the claims raised against Lowe's in *Dudash*.

14.     On information and belief, the defendants have failed to respect the corporate form of VSA and have dissipated VSA's assets in an attempt to avoid payment of VSA's liabilities, including liabilities arising from claims raised in the *Dudash* case.

## FACTUAL BACKGROUND

### VSA's Contractual Relationship with Lowe's from 2002 to 2005

15.     VSA, directly or through its subsidiaries or affiliates, was required under the Contracts to provide vendor services to retail stores owned and operated by Lowe's subsidiaries across the United States with respect to building materials, home-automation products (*e.g.*, landscape lighting, doorbells, alarms, outdoor lighting), and "fashion" lighting products (*e.g.*, indoor lighting, ceiling fans). Such services include replenishing inventory, maintaining retail displays, providing point-of-sale marketing materials,

4

returning defective products to manufacturers, and other related services. The Contracts between VSA and Lowe's include:

> (a) a December 18, 2002 agreement regarding vendor services for home-automation products between Lowe's and "Vendor Support Techs, a wholly owned division of Varnell, Struck & Associates, Inc.";

> (b) a February 1, 2003 agreement regarding vendor services for building materials between Lowe's and "BMS, a wholly owned division of Varnell, Struck & Associates, Inc.";

> (c) a May 1, 2003 agreement regarding vendor services for fashion lighting between Lowe's and "Vast Marketing Inc. (VAST) a wholly owned division of Varnell, Struck & Associates, Inc.";

> (d) an April 1, 2004 agreement (with addendum) regarding vendor services for building materials between Lowe's and "Building Materials Specialist, a wholly owned division of Varnell, Struck & Associates, Inc."; and

> (e) an August 30, 2004 agreement regarding vendor services for fashion lighting between Lowe's and VSA.

16. Section 2.5 of each of the Contracts contains identical language providing that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in

§ 10.1 of each of the Contracts, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

17.     Section 7.1 of each of the Contracts contains identical terms relating to indemnification and to VSA's duty to defend Lowe's against certain liabilities, stating in relevant part that VSA "shall defend, indemnify and hold harmless Lowe's . . . from and against any and all liabilities . . . (including attorneys' fees and associated expenses) . . . arising out of or resulting from . . . (a) a reclassification or attempt to reclassify any [VSA personnel] as employees of Lowe's, . . . (b) any breach of this agreement by [VSA], . . . [or] (d) any material act or omission of [VSA or its employees]."

18.     Section 8.1(b) of each of the Contracts contains identical language that provides that VSA "shall acquire and maintain at its sole cost and expense throughout the Term and for a period of five (5) years following the termination or expiration of this agreement, coverage for . . . comprehensive general liability insurance, including . . . contractual liability . . . ."  Section 8.1(c) provides that all insurance policies taken out under the contract shall name Lowe's as an additional insured.   In breach of its obligations under § 8.1(b), VSA has failed to maintain the insurance required under each of the Contracts.

California Class Action Against VSA

19.     On July 8, 2004, the *Dudash* case was brought against VSA as a class action in the United States District Court for the Central District of California.

20.     The original *Dudash* complaint named VSA as the sole defendant and alleged that VSA failed to pay overtime wages and to provide rest and meal breaks and wage statements as required by federal and state laws.

6

21.     On March 6, 2006, the *Dudash* court certified the case as a class action with respect to California employees' claims under California law, and as a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 207 et seq.  After issuance of the court's order, counsel for the *Dudash* plaintiffs began settlement discussions with VSA that lasted more than two months.

VSA Settles By Targeting Lowe's For The Plaintiffs

22.     VSA has represented in court filings that in 2004 VSA had revenues in excess of $42 million and that its net income for the year was more than $6 million.

23.     VSA has also represented in court filings that in early 2005 a professional appraiser valued VSA at approximately $50 million.

24.     On information and belief, VSA's assets included millions of dollars in technology infrastructure dedicated to its business for Lowe's.  According to VSA, VSA's infrastructure was sold to a third party in 2005.

25.     VSA stopped doing business in approximately September 2005.  VSA has represented in court filings that in September 2005 the value of the company's stock was between $30 million and $50 million.  On information and belief, the stock was distributed equally between Varnell and Struck.

26.     On information and belief, the defendants represented to the *Dudash* plaintiffs, or otherwise led the *Dudash* plaintiffs to believe, that they and each of them lacked sufficient funds to pay any significant judgment against them; they did so as part of a scheme to induce the *Dudash* plaintiffs to seek a monetary recovery from Lowe's instead of from them.  On information and belief, in furtherance of this scheme, Varnell

7

and Struck caused VSA to transfer assets to individuals, shell corporations or other entities wholly owned or controlled by VSA, Varnell and/or Struck.

27.     On May 12, 2006, the *Dudash* plaintiffs filed a motion to amend their complaint to add Lowe's as a defendant and to add also Struck and Varnell as individual defendants.  Initially, VSA opposed the motion.  Thereafter, the *Dudash* plaintiffs' counsel investigated VSA's finances.  This investigation included traveling to Atlanta on May 26-27, 2006, and spending 18 hours reviewing VSA records.  Based on this investigation, plaintiffs' counsel concluded that VSA was no longer a financially viable entity capable of paying the full amount of back wages allegedly due class members.

28.     Shortly after this investigation, on June 2, 2006, the *Dudash* plaintiffs and defendants reached a settlement in principle which would release VSA, Struck and Varnell from all liability.  As part of the settlement, defendants agreed to withdraw their opposition to the motion to amend the complaint and agreed to assist plaintiffs in their litigation against Lowe's.   The *Dudash* plaintiffs were in possession of the Contracts and were therefore on notice that VSA, by assisting in an action against Lowe's, would be in breach of its obligation under the Contracts to defend Lowe's.

29.     On June 27, 2006, defendants' settlement with the *Dudash* plaintiffs was memorialized in a "Settlement and Release Agreement" ("*Dudash* Agreement").  As part of their scheme to shift their potential liability in *Dudash* to Lowe's, the defendants agreed in the *Dudash* Agreement (i) to provide the *Dudash* plaintiffs with payroll and employment records of class members, (ii) to provide witnesses pursuant to FRCP Rule 30, (iii) to make Struck and Varnell available to testify at trial voluntarily without the need for service of process, and (iv) to acquiesce in a three-week extension of time for

FLSA class members to join the action. Upon information and belief, the defendants took actions intended to lead the *Dudash* plaintiffs to believe that the testimony Varnell and Struck would provide would assist plaintiffs in their efforts to recover from Lowe's damages for the violations of law allegedly committed by VSA.

30. The defendants also acknowledged in the *Dudash* Agreement that out of the $350,000 paid by VSA to settle the litigation, $216,240 would be used to pay for "current and anticipated litigation expenses incurred and to be incurred" in litigation against Lowe's.

31. On August 24, 2006, the *Dudash* court granted plaintiffs' motion to file the second amended complaint, specifically noting that VSA "does not dispute" that Lowe's "meet[s] the definition of employer under the [Fair Labor Standards Act] and may properly be joined." On September 7, 2006, the *Dudash* plaintiffs filed the second amended complaint with the court, naming Lowe's as a defendant for the first time, and alleging that Lowe's was an "employer" of VSA employees.

32. Like the original *Dudash* complaint, the second amended complaint alleges that VSA violated federal and state labor laws during the period that the Contracts were effective. In addition, like the original complaint, all of the common issues of law and fact identified in the second amended complaint as supporting a class action relate solely to actions VSA took as the employer of members of the putative class, namely: "[w]hether VSA . . . unlawfully failed to pay overtime and failed to pay employees for either meal breaks and/or rest breaks worked as required by law"; "[w]hether VSA . . . failed to provide accurate wage statements to California employees"; and "[w]hether  . . .

9

VSA . . . violated . . . applicable provisions of the Federal Fair Labor Standards Act of 1947" and California law.

33.     Although the second amended *Dudash* complaint was filed with the court on September 7, 2006, it was not served on Lowe's until October 26, 2006, over seven weeks later.

34.     On September 21, 2006, during the seven weeks between the filing of the second amended complaint and its service on Lowe's, the *Dudash* plaintiffs deposed David Struck, co-owner of VSA, over the telephone for 55 minutes.  On information and belief, the delay in serving Lowe's was part of a plan adopted by VSA and the *Dudash* plaintiffs to develop a record of testimony unduly favorable to plaintiffs without allowing participation or clarification of the transcript by attorneys for Lowe's.

35.     On October 19, 2006, the *Dudash* court entered an order approving the *Dudash* agreement, effectively dismissing VSA, Varnell and Struck from the proceeding and leaving Lowe's as the sole remaining defendant.

Personal Liability of Struck and Varnell for Claims Against VSA

36.     At all relevant times, Struck and Varnell dominated VSA's affairs.

37.     VSA never elected directors.

38.     On information and belief, VSA did not have by-laws.

39.     On information and belief, Struck and Varnell split VSA's profits between them and did not declare dividends.

40.     VSA held only informal annual "stockholder" meetings, attended by only Struck, Varnell and Jeff Scroggin, VSA's local business attorney.  On information and belief, no minutes were taken of the meetings.

41.     No annual stockholder reports were issued for VSA.

42.     On information and belief, VSA's assets and stock have been distributed to Struck and Varnell individually or to entities or persons related to them or within their control, including but not limited to Premier Management Services LLC, in an attempt to avoid sufficient capitalization of VSA and payment of VSA's liabilities. Premier Management Services LLC is a Georgia entity that is owned by and has been used by David Struck and John Varnell to hold, and to lease to VSA, real estate in North Carolina related to the performance of VSA's contractual obligations to Lowe's.

43.     On information and belief, Struck has used his personal residence to hide VSA's assets. This residence, on Sugarloaf Club Drive in Duluth, Georgia, was purchased by Struck in April 2003 for $1.1 million, and was used by Struck as security for a $750,000 mortgage. In September 2005—the same month VSA ceased business operations, and before *Dudash* plaintiffs' counsel investigated VSA's finances—Struck executed a quitclaim deed to the residence in favor of his wife. Two months later, the $750,000 mortgage was paid in full. On information and belief, VSA's assets were used to pay off the mortgage.

Performance and Conditions Precedent

44.     Lowe's has performed all of its obligations under the Contracts.

45.     Section 10.2 of each of the Contracts provides in relevant part that "any and all disputes arising under or related to this Agreement . . . which cannot be resolved through negotiations between the parties shall be submitted to mediation according to this Section. Completion of such mediation shall be a condition precedent to bringing any action pursuant to this Agreement."

46.     Lowe's has attempted to mediate this dispute with VSA, but such attempts did not result in a resolution of the parties' dispute.

## FIRST CAUSE OF ACTION

### Breach of December 18, 2002 Contract—Duty to Defend

47.     The allegations in paragraphs 1-46 are incorporated by reference.

48.     Section 2.5 of the December 18, 2002 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

49.     Section 7.1 of the December 18, 2002 contract requires VSA to defend Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

50.     When VSA executed its settlement agreement with the *Dudash* plaintiffs, VSA knew that the plaintiffs were seeking to amend their complaint to add Lowe's as a defendant, to classify VSA employees allegedly as Lowe's employees, and to charge Lowe's with liability arising out of acts committed by VSA. In breach of its duty to defend Lowe's against plaintiffs' charges, VSA agreed to help plaintiffs prosecute such claims by, among other things, not disputing the plaintiffs' successful motion to add

Lowe's as a defendant, not disputing the plaintiffs' contention that Lowe's is a joint employer under the FLSA, and committing in the *Dudash* Agreement to

      (a)  provide the plaintiffs with payroll records of members of the Rule 23 Class and the FLSA Class;

      (b)  provide plaintiffs with access to class member employment records;

      (c)  provide witnesses pursuant to FRCP Rule 30;

      (d)  make Struck and Varnell available to testify at trial without a subpoena or other legal process; and

      (e)  acquiesce in a three-week extension of time for FLSA class members to join the action.

51.     On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to defend Lowe's in the *Dudash* case. On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for defense relating to the *Dudash* action. On May 9, 2007, VSA notified Lowe's that it refused to provide any defense.

52.     VSA's refusal to defend Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the December 18, 2002 contract.

53.     Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint.

54.     VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

55.     Lowe's is entitled to compensation in an amount to be determined at trial.

56.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## SECOND CAUSE OF ACTION

### Breach of December 18, 2002 Contract—Duty to Indemnify

57.     The allegations in paragraphs 1-56 are incorporated by reference.

58.     Section 2.5 of the December 18, 2002 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

59.     Section 7.1 of the December 18, 2002 contract requires VSA to indemnify Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

60.     On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to indemnify Lowe's in the *Dudash* case. On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for indemnification relating to the *Dudash* action. On May 9, 2007, VSA notified Lowe's that it refused to provide any indemnification.

61. VSA's refusal to indemnify Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the December 18, 2002 contract.

62. Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

63. VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

64. Lowe's is entitled to compensation in an amount to be determined at trial.

65. Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

### THIRD CAUSE OF ACTION

### Breach of February 1, 2003 Contract—Duty to Defend

66. The allegations in paragraphs 1-65 are incorporated by reference.

67. Section 2.5 of the February 1, 2003 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

68. Section 7.1 of the February 1, 2003 contract requires VSA to defend Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes

of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

69. When VSA executed its settlement agreement with the *Dudash* plaintiffs, VSA knew that the plaintiffs were seeking to amend their complaint to add Lowe's as a defendant, to classify VSA employees allegedly as Lowe's employees, and to charge Lowe's with liability arising out of acts committed by VSA. In breach of its duty to defend Lowe's against plaintiffs' charges, VSA agreed to help plaintiffs prosecute such claims by, among other things, not disputing the plaintiffs' successful motion to add Lowe's as a defendant, not disputing the plaintiffs' contention that Lowe's is a joint employer under the FLSA, and committing in the *Dudash* Agreement to

> (a) provide the plaintiffs with payroll records of members of the Rule 23 Class and the FLSA Class;
>
> (b) provide plaintiffs with access to class member employment records;
>
> (c) provide witnesses pursuant to FRCP Rule 30;
>
> (d) make Struck and Varnell available to testify at trial without a subpoena or other legal process; and
>
> (e) acquiesce in a three-week extension of time for FLSA class members to join the action.

70. On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to defend Lowe's in the *Dudash* case. On April 30, 2007, Lowe's followed up those discussions with a letter also

16

asserting Lowe's claim for defense relating to the *Dudash* action.  On May 9, 2007, VSA

notified Lowe's that it refused to provide any defense.

71.     VSA's refusal to defend Lowe's in the *Dudash* action constitutes a breach

of § 7.1 of the February 1, 2003 contract.

72.     Through its breaches of the provisions of § 7.1, VSA has caused and

continues to cause Lowe's to suffer damages in the amount of legal fees and costs

incurred in defending against the allegations of the amended *Dudash* complaint.

73.     VSA is liable, and Varnell and Struck are personally liable, for damages

resulting from VSA's breaches of § 7.1.

74.     Lowe's is entitled to compensation in an amount to be determined at trial.

75.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to

the extent authorized by law and by the parties' agreements.

### FOURTH CAUSE OF ACTION

### Breach of February 1, 2003 Contract—Duty to Indemnify

76.     The allegations in paragraphs 1-75 are incorporated by reference.

77.     Section 2.5 of the February 1, 2003 contract provides that VSA, as the

"Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state

and local laws having any impact or implication with respect to its employees and

performance under this Agreement (including, without limitation, the Fair Labor

Standards Act and applicable employment discrimination laws)."  And in § 10.1 of the

contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally

responsible for any of VSA's actions under the contract.

78.     Section 7.1 of the February 1, 2003 contract requires VSA to indemnify Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

79.     On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to indemnify Lowe's in the *Dudash* case.  On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for indemnification relating to the *Dudash* action.  On May 9, 2007, VSA notified Lowe's that it refused to provide any indemnification.

80.     VSA's refusal to indemnify Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the February 1, 2003 contract.

81.     Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

82.     VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

83.     Lowe's is entitled to compensation in an amount to be determined at trial.

84.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## FIFTH CAUSE OF ACTION

### Breach of May 1, 2003 Contract—Duty to Defend

85.     The allegations in paragraphs 1-84 are incorporated by reference.

86.     Section 2.5 of the May 1, 2003 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

87.     Section 7.1 of the May 1, 2003 contract requires VSA to defend Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

88.     When VSA executed its settlement agreement with the *Dudash* plaintiffs, VSA knew that the plaintiffs were seeking to amend their complaint to add Lowe's as a defendant, to classify VSA employees as Lowe's employees, and to charge Lowe's with liability arising out of acts committed by VSA. In breach of its duty to defend Lowe's against plaintiffs' charges, VSA agreed to help plaintiffs prosecute such claims by, among other things, not disputing the plaintiffs' successful motion to add Lowe's as a defendant, not disputing the plaintiffs' contention that Lowe's is a joint employer under the FLSA, and committing in the *Dudash* Agreement to

(a)  provide the plaintiffs with payroll records of members of the Rule 23

   Class and the FLSA Class;

(b)  provide plaintiffs with access to class member employment records;

(c)  provide witnesses pursuant to FRCP Rule 30;

(d)  make Struck and Varnell available to testify at trial without a subpoena or

   other legal process; and

(e)  acquiesce in a three-week extension of time for FLSA class members to

   join the action.

89.     On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to defend Lowe's in the *Dudash* case.  On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for defense relating to the *Dudash* action.  On May 9, 2007, VSA notified Lowe's that it refused to provide any defense.

90.     VSA's refusal to defend Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the May 1, 2003 Contract.

91.     Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint.

92.     VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

93.     Lowe's is entitled to compensation in an amount to be determined at trial.

94.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

# SIXTH CAUSE OF ACTION

## Breach of May 1, 2003 Contract—Duty to Indemnify

95.     The allegations in paragraphs 1-94 are incorporated by reference.

96.     Section 2.5 of the May 1, 2003 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)."  And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

97.     Section 7.1 of the May 1, 2003 contract requires VSA to indemnify Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

98.     On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to indemnify Lowe's in the *Dudash* case.  On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for indemnification relating to the *Dudash* action.  On May 9, 2007, VSA notified Lowe's that it refused to provide any indemnification.

99.     VSA's refusal to indemnify Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the May 1, 2003 contract.

100.     Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

101.     VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

102.     Lowe's is entitled to compensation in an amount to be determined at trial.

103.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## SEVENTH CAUSE OF ACTION

## Breach of April 1, 2004 Contract—Duty to Defend

104.     The allegations in paragraphs 1-103 are incorporated by reference.

105.     Section 2.5 of the April 1, 2004 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)."  And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

106.     Section 7.1 of the April 1, 2004 contract requires VSA to defend Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify

VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

107.    When VSA executed its settlement agreement with the *Dudash* plaintiffs, VSA knew that the plaintiffs were seeking to amend their complaint to add Lowe's as a defendant, to classify VSA employees allegedly as Lowe's employees, and to charge Lowe's with liability arising out of acts committed by VSA.  In breach of its duty to defend Lowe's against plaintiffs' charges, VSA agreed to help plaintiffs prosecute such claims by, among other things, not disputing the plaintiffs' successful motion to add Lowe's as a defendant, not disputing the plaintiffs' contention that Lowe's is a joint employer under the FLSA, and committing in the *Dudash* Agreement to

(a)  provide the plaintiffs with payroll records of members of the Rule 23 Class and the FLSA Class;

(b)  provide plaintiffs with access to class member employment records;

(c)  provide witnesses pursuant to FRCP Rule 30;

(d)  make Struck and Varnell available to testify at trial without a subpoena or other legal process; and

(e)  acquiesce in a three-week extension of time for FLSA class members to join the action.

108.    On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to defend Lowe's in the *Dudash* case.  On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for defense relating to the *Dudash* action.  On May 9, 2007, VSA notified Lowe's that it refused to provide any defense.

109. VSA's refusal to defend Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the April 1, 2004 contract.

110. Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint.

111. VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

112. Lowe's is entitled to compensation in an amount to be determined at trial.

113. Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

### EIGHTH CAUSE OF ACTION

### Breach of April 1, 2004 Contract—Duty to Indemnify

114. The allegations in paragraphs 1-113 are incorporated by reference.

115. Section 2.5 of the April 1, 2004 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

116. Section 7.1 of the April 1, 2004 contract requires VSA to indemnify Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to

reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

117.    On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to indemnify Lowe's in the *Dudash* case. On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for indemnification relating to the *Dudash* action. On May 9, 2007, VSA notified Lowe's that it refused to provide any indemnification.

118.    VSA's refusal to indemnify Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the April 1, 2004 contract.

119.    Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

120.    VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

121.    Lowe's is entitled to compensation in an amount to be determined at trial.

122.    Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

### NINTH CAUSE OF ACTION

### Breach of August 30, 2004 Contract—Duty to Defend

123.    The allegations in paragraphs 1-122 are incorporated by reference.

124.    Section 2.5 of the August 30, 2004 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state

and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

125.    Section 7.1 of the August 30, 2004 contract requires VSA to defend Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

126.    When VSA executed its settlement agreement with the *Dudash* plaintiffs, VSA knew that the plaintiffs were seeking to amend their complaint to add Lowe's as a defendant, to classify VSA employees as Lowe's employees, and to charge Lowe's with liability arising out of acts committed by VSA. In breach of its duty to defend Lowe's against plaintiffs' charges, VSA agreed to help plaintiffs prosecute such claims by, among other things, not disputing the plaintiffs' successful motion to add Lowe's as a defendant, not disputing the plaintiffs' contention that Lowe's is a joint employer under the FLSA, and committing in the *Dudash* Agreement to

> (a)  provide the plaintiffs with payroll records of members of the Rule 23 Class and the FLSA Class;

> (b)  provide plaintiffs with access to class member employment records;

> (c)  provide witnesses pursuant to FRCP Rule 30;

(d) make Struck and Varnell available to testify at trial without a subpoena or other legal process; and

(e) acquiesce in a three-week extension of time for FLSA class members to join the action.

127.    On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to defend Lowe's in the *Dudash* case.  On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for defense relating to the *Dudash* action.  On May 9, 2007, VSA notified Lowe's that it refused to provide any defense.

128.    VSA's refusal to defend Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the August 30, 2004 contract.

129.    Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint.

130.    VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

131.    Lowe's is entitled to compensation in an amount to be determined at trial.

132.    Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

### TENTH CAUSE OF ACTION

### Breach of August 30, 2004 Contract—Duty to Indemnify

133.    The allegations in paragraphs 1-132 are incorporated by reference.

134.    Section 2.5 of the August 30, 2004 contract provides that VSA, as the "Service Vendor," "covenants and agrees to . . . comply with all applicable federal, state and local laws having any impact or implication with respect to its employees and performance under this Agreement (including, without limitation, the Fair Labor Standards Act and applicable employment discrimination laws)." And in § 10.1 of the contract, titled "Independent Contractor," VSA agrees that Lowe's is not legally responsible for any of VSA's actions under the contract.

135.    Section 7.1 of the August 30, 2004 contract requires VSA to indemnify Lowe's from any liabilities, damages, loss, claims, demands, assessments, actions, causes of action or costs arising out of or resulting from any reclassification or attempt to reclassify VSA employees as Lowe's employees, any breach of the parties' contracts, and any material act or omission by VSA.

136.    On September 25, 2006, Lowe's and VSA mediated, among other issues, their disputes regarding VSA's contractual obligation to indemnify Lowe's in the *Dudash* case. On April 30, 2007, Lowe's followed up those discussions with a letter also asserting Lowe's claim for indemnification relating to the *Dudash* action. On May 9, 2007, VSA notified Lowe's that it refused to provide any indemnification.

137.    VSA's refusal to indemnify Lowe's in the *Dudash* action constitutes a breach of § 7.1 of the August 30, 2004 contract.

138.    Through its breaches of the provisions of § 7.1, VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

139.     VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 7.1.

140.     Lowe's is entitled to compensation in an amount to be determined at trial.

141.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## ELEVENTH CAUSE OF ACTION

### Breach of December 18, 2002 Contract—Duty to Obtain and Maintain Insurance

142.     The allegations in paragraphs 1-141 are incorporated by reference.

143.     Section 8.1(b) of the December 18, 2002 Contract requires VSA "to acquire and maintain at its sole cost and expense throughout the Term and for a period of five (5) years following the termination…of this Agreement, coverage for … comprehensive general liability insurance including completed operations, personal injury and contractual liability."  Such insurance was required under the contract to cover any liability based on claims such as those raised against Lowe's in the *Dudash* case.

144.     VSA has failed to maintain the insurance coverage required by § 8.1(b). In particular, VSA has failed to renew any of its insurance policies beyond April 30, 2007.  Further, on information and belief, VSA has failed to maintain insurance that would cover any potential liability based on claims such as those alleged against Lowe's in the *Dudash* case.

145.     Through its breaches of the provisions of § 8.1(b), VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

146. VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 8.1(b).

147. Lowe's is entitled to damages in an amount to be determined at trial.

148. Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## TWELFTH CAUSE OF ACTION

### Breach of February 1, 2003 Contract—Duty to Obtain and Maintain Insurance

149. The allegations in paragraphs 1-148 are incorporated by reference.

150. Section 8.1(b) of the February 1, 2003 Contract requires VSA "to acquire and maintain at its sole cost and expense throughout the Term and for a period of five (5) years following the termination…of this Agreement, coverage for…comprehensive general liability insurance, including completed operations, personal injury and contractual liability." Such insurance was required under the contract to cover any liability based on claims such as those raised against Lowe's in the *Dudash* case.

151. VSA has failed to maintain the insurance coverage required by § 8.1(b). In particular, VSA has failed to renew any of its insurance policies beyond April 30, 2007. Further, on information and belief, VSA has failed to maintain insurance that would cover any potential liability based on claims such as those alleged against Lowe's in the *Dudash* case.

152. Through its breaches of the provisions of § 8.1(b), VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

153.     VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 8.1(b).

154.     Lowe's is entitled to damages in an amount to be determined at trial.

155.     Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## THIRTEENTH CAUSE OF ACTION

### Breach of May 1, 2003 Contract—Duty to Obtain and Maintain Insurance

156.     The allegations in paragraphs 1-155 are incorporated by reference.

157.     Section 8.1(b) of the May 1, 2003 Contract requires VSA "to acquire and maintain at its sole cost and expense throughout the Term and for a period of five (5) years following the termination . . . of this Agreement, coverage for . . . comprehensive general liability insurance including completed operations , personal injury and contractual liability."  Such insurance was required under the contract to cover any liability based on claims such as those raised against Lowe's in the *Dudash* case.

158.     VSA has failed to maintain the insurance coverage required by § 8.1(b). In particular, VSA has failed to renew any of its insurance policies beyond April 30, 2007.  Further, on information and belief, VSA has failed to maintain insurance that would cover any potential liability based on claims such as those alleged against Lowe's in the *Dudash* case.

159.     Through its breaches of the provisions of § 8.1(b), VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

160.    VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 8.1(b).

161.    Lowe's is entitled to damages in an amount to be determined at trial.

162.    Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## FOURTEENTH CAUSE OF ACTION

### Breach of April 1, 2004 Contract—Duty to Obtain and Maintain Insurance

163.    The allegations in paragraphs 1-162 are incorporated by reference.

164.    Section 8.1(b) of the April 1, 2004 Contract requires VSA "to acquire and maintain at its sole cost and expense throughout the Term and for a period of five (5) years following the termination…of this Agreement, coverage for…comprehensive general liability insurance, including completed operations , personal injury and contractual liability."  Such insurance was required under the contract to cover any liability based on claims such as those raised against Lowe's in the *Dudash* case.

165.    VSA has failed to maintain the insurance coverage required by § 8.1(b). In particular, VSA has failed to renew any of its insurance policies beyond April 30, 2007.  Further, on information and belief, VSA has failed to maintain insurance that would cover any potential liability based on claims such as those alleged against Lowe's in the *Dudash* case.

166.    Through its breaches of the provisions of § 8.1(b), VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

167.    VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 8.1(b).

168.    Lowe's is entitled to damages in an amount to be determined at trial.

169.    Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## FIFTEENTH CAUSE OF ACTION

### Breach of August 30, 2004 Contract—Duty to Obtain and Maintain Insurance

170.    The allegations in paragraphs 1-169 are incorporated by reference.

171.    Section 8.1(b) of the August 30, 2004 Contract requires VSA "to acquire and maintain at its sole cost and expense throughout the Term and for a period of five (5) years following the termination…of this Agreement, coverage for…comprehensive general liability insurance, including completed operations , personal injury and contractual liability."  Such insurance was required under the contract to cover any liability based on claims such as those raised against Lowe's in the *Dudash* case.

172.    VSA has failed to maintain the insurance coverage required by § 8.1(b). In particular, VSA has failed to renew any of its insurance policies beyond April 30, 2007.  Further, on information and belief, VSA has failed to maintain insurance that would cover any potential liability based on claims such as those alleged against Lowe's in the *Dudash* case.

173.    Through its breaches of the provisions of § 8.1(b), VSA has caused and continues to cause Lowe's to suffer damages in the amount of legal fees and costs incurred in defending against the allegations of the amended *Dudash* complaint as well as any resulting liability.

174.    VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of § 8.1(b).

175.    Lowe's is entitled to damages in an amount to be determined at trial.

176.    Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## SIXTEENTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

177.    The allegations in paragraphs 1-176 are incorporated by reference.

178.    Each of the Contracts imposed upon both parties a duty to act in good faith and to deal fairly with the other party in the performance of the agreement.

179.    VSA, Varnell, and Struck compromised Lowe's position with respect to the *Dudash* case by affirmatively assisting the *Dudash* plaintiffs in suing Lowe's.  Such assistance has included, but is not limited to, committing in the *Dudash* Agreement to

(a)  provide the plaintiffs with payroll records of members of the Rule 23 Class and the FLSA Class;

(b)  provide plaintiffs with access to class member employment records;

(c)  provide witnesses pursuant to FRCP Rule 30:

(d)  make Struck and Varnell available to testify at trial without a subpoena or other legal process; and

(e)  acquiesce in a three-week extension of time for FLSA class members to join the action.

180.    VSA's actions constitute a breach of its contractual duty of good faith and fair dealing with respect to the Contracts.

181.    VSA is liable, and Varnell and Struck are personally liable, for damages resulting from VSA's breaches of its duty of good faith and fair dealing.

182.    Lowe's is entitled to damages in an amount to be determined at trial.

183.    Lowe's also is entitled to an award of interest, costs, and attorneys' fees to the extent authorized by law and by the parties' agreements.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

For damages according to proof;

For interest, costs, and attorneys' fees; and for

Such other further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted, this the 19th day of September, 2007.

s/ Reid L. Phillips

Reid L. Phillips
N.C. Bar No. 7968
**BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP**
P.O. Box 26000 (27420)
230 N. Elm Street
2000 Renaissance Plaza, 17th Floor
Greensboro, NC  27401
Telephone:  (336) 373-8850
Facsimile:  (336) 378-1001
Email: rphillips@brookspierce.com

*Attorney for Lowe's Companies, Inc.*

OF COUNSEL:

Richard L. Wyatt, Jr.
Joseph P. Esposito
Larry E. Tanenbaum
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
Email: rwyatt@akingump.com
Email: jesposito@akingump.com
Email: ltanenbaum@akingump.com

*Attorneys for Lowe's Companies, Inc.*